

NEW YORK | PENNSYLVANIA | NEW JERSEY | CALIFORNIA

June 16, 2014

**VIA ECF FILING**
Honorable Kenneth M. Karas
The Hon. Charles L. Brieant Jr. Federal Building and United States Courthouse
300 Quarropas St., White Plains, NY 10601-4150

**Re:    Edward J. Reynolds v Lifewatch, Inc., et al.  14-CV-3575(KMK)**

Your Honor:

    On behalf of the Defendants, we write to respectfully request a pre-motion conference under Section II (A) of Your Honor's individual rules.

    By way of background, Plaintiff claims in his putative nationwide class action Complaint that he received a telephone call from Defendants or their agents in 2013 "advising him that he was entitled to one of Defendant's [personal emergency response] devices because a family member purchased it for him, however he was told he had to pay the monthly monitoring fee." Notably, Plaintiff concedes that he knew about the associated monthly service charges and that he received a functional Lifewatch product in the mail.  Plaintiff's Complaint consists of allegations largely cobbled together from: a) filings in a pending California trademark infringement case brought against Lifewatch by a competitor; and b) filings in a pending Florida action brought by the FTC against various entities unaffiliated with Lifewatch.  The FTC suit – to which Lifewatch has never been a party – involves allegations that third party entities attempted to sell Lifewatch products by making purportedly false statements to prospective consumers (i.e. that a Lifewatch product or service had already been purchased by a friend, family member, or other acquaintance)[1].  Given the nature of the allegations by the FTC and Lifewatch's commitment to its customers, Lifewatch initiated a recall/refund campaign and advised its customers that they are entitled to a full refund if they were contacted by one of the outside companies and then purchased Lifewatch's products or services based on these allegedly false statements.

    Against this backdrop, Defendants intend to file R. 12(b) (6) motions to dismiss and R. 12(f) motions to strike class allegations.  In support of their motions, Defendants intend to assert, *inter alia*, the following arguments:

1. Given Lifewatch's recall/refund campaign, the lawsuit is moot, cognizable injuries have not been alleged, Plaintiff lacks standing, and Plaintiff cannot satisfy, *inter alia*, R. 23(b)(3)'s requirement that a class action be superior to other methods of resolving the

---

[1] Lifewatch denies that it exercises control over the third parties and nothing in Plaintiff's complaint suggests otherwise.

    dispute or R. 23(a)(4)'s requirement that the class representative be adequate to protect the interests of the class.

2. Plaintiff's allegations against Messrs. May and Sirlin cannot survive R. 12(b)(6) scrutiny as the allegations are not buttressed by a single claim or fact that they abused the corporate form.

3. Plaintiff cannot assert NY GBL§ §349 and 350 causes of action within the context of a putative nationwide class given that Plaintiff has not alleged facts that would allow for extraterritorial application of these two New York consumer protection statutes. Accordingly, the nationwide class allegations must be stricken under R. 12(f).

4. Plaintiff cannot possibly show that his common law causes of action (i.e. fraud, intentional misrepresentation, and unjust enrichment) are properly maintainable under R. 23 in a putative nationwide class action. Application of all 50 states' varying common law standards in a single case, and the need to resolve disputes as to the correct state-specific interpretations of these varying common law standards necessarily injects intractable case management problems and ensures that individual issues predominate over common issues. The variations in state law necessarily defeat the typicality and commonality requirements under R. 23 (a)(2), and necessarily defeat the predominance, superiority, and manageability requirements under R. 23 (b)(3).

5. Plaintiff's NY GBL causes of action cannot survive R. 12(b)(6) scrutiny as Plaintiff did not plead the necessary elements. Further, Plaintiff's fraud and intentional misrepresentation cause of action cannot survive R. 12(b)(6) scrutiny as Plaintiff did not plead with the requisite particularity nor did Plaintiff plead the necessary elements.

    First, in view of Lifewatch's ongoing recall/refund campaign, Plaintiff cannot – as he must – demonstrate that he or any purported class members have suffered cognizable damages that were not, or could not be, adequately resolved by the campaign. Accordingly, Plaintiff also lacks standing and the lawsuit is moot inasmuch as Lifewatch has already undertaken a process to allow consumers full redress for any false statements made in connection with outside companies selling Lifewatch's products. Thus, Plaintiff cannot demonstrate that a class action is superior under R. 23(b)(3). And, Plaintiff cannot satisfy R. 23(a)(4) because "a representative who proposes that high transaction costs (notice and attorney fees) be incurred at the class members' expense to obtain a refund that already is on offer is not adequately protecting the class members' interests." *In re Aqua Dots Prods. Liab. Litig*., 654 F.3d 748, 751 (7th Cir. Ill. 2011).

    Second, the allegations against Mr. Sirlin and Mr. May must be dismissed as Plaintiff has not alleged facts sufficient to pierce the corporate veil and hold Mr. Sirlin and Mr. May individually liable. In order to pierce the corporate veil, a plaintiff must prove that: (1) the officer exercised such control that the corporation has become a mere instrumentality of the officer, who is the real actor; (2) the officer used this control to commit a fraud or other wrong; and (3) the fraud or wrong results in an unjust loss or injury to the plaintiff. See, *In re Vebeliunas,* 332 F.3d 85, 91-

92 (2d Cir. 2003).  Courts within the Second Circuit hold that a "determinative factor" in the analysis "is whether 'the corporation is a dummy for its individual stockholders who are in reality carrying on the business in their personal capacities for purely personal rather than corporate ends.'" *DER Travel Servs. v. Dream Tours & Adventures, Inc.*, 2005 U.S. Dist. LEXIS 25861, 23-24 (S.D.N.Y. Oct. 28, 2005).  Here, Plaintiff's Complaint does not set forth any facts from which the court can reasonably infer that Lifewatch - a decades old New York corporation with over 90 employees - is a dummy corporation used for personal ends by Messrs. Sirlin and May.

Third, it is well-settled that GBL § § 349 and 350 do not allow for extraterritorial application.  In *Goshen v. Mut. Life Ins. Co.*, 98 N.Y.2d 314, 324-325 (N.Y. 2002), the New York Court of Appeals refused to extend the protection of New York's state consumer protection statutes to non-resident plaintiffs.  The Court of Appeals considered whether "an allegedly deceptive scheme that originates in New York, but injures a consumer in a transaction outside the state, constitutes an actionable deceptive act or practice under New York's Consumer Protection Act."  The New York Court of Appeals ruled that New York's Consumer Protection Act did not extend to protect citizens outside the borders of the state of New York.  Accordingly, Plaintiff in the matter *sub judice* cannot maintain a nationwide class under GBL § § 349 and 350.

Fourth, as this court held in *Kottler v. Deutsche Bank AG*, 2010 U.S. Dist. LEXIS 30590 (S.D.N.Y. Mar. 29, 2010), variations in state law generally preclude nationwide class certification based on fraud and unjust enrichment theories.   Here, Plaintiff cannot satisfy R. 23(a)'s commonality or typicality requirements nor can Plaintiff satisfy R. 23(b)'s predominance, commonality, or superiority requirements.  This is because Plaintiff's common law claims will inevitably break down into innumerable state-specific issues that cannot be tried commonly across the class and that will create incurable case management problems.  In essence, the applicable common law derives from the law of the 50 states, as opposed to a unitary federal cause of action, and thus differences in state law will compound the disparities among class members from different states and will trump any common issues and defeat predominance.  Accordingly, R. 12(f) dictates that the common law class allegations be stricken now.

Finally, the Complaint's fraud and intentional misrepresentation cause of action does not satisfy R. 9(b)'s particularity requirement.  Further, Plaintiff fails to plead each of the necessary GBL § § 349 and 350 elements inasmuch as the allegedly deceptive statements and practices are insufficiently detailed and the court cannot reasonably infer from the facts asserted that the alleged statements and practices impact consumers at large.

For these reasons, Defendants respectfully request a pre-motion conference to discuss a briefing schedule for their anticipated motions to dismiss and strike.

Very truly yours,<br>
**THE SULTZER LAW GROUP, P.C.**

Joseph Lipari

cc:  Barry Gainey, Esq. (VIA ECF)