70. The defendants and/or their agents continue to call consumers as part of their marketing and sales activities.

71. In order to receive the device and/or services, the consumer has to pay the monthly fees.

72. Defendants tell consumers that they will not be charged until the device is activated but defendants charge consumers immediately, often before activation of the device.

73. The Philips defendants and the Connect America defendants shared customer accounts with the LifeWatch defendants as a result of their joint marketing and sales efforts and/or scheme, or otherwise acquired them through the Insertion Orders and/or the Marketing Alliance Agreement, and thus are liable for the deceptive practices, misrepresentations, and other improper actions in the marketing and sale of the devices along with the LifeWatch defendants.

74. The Marketing Alliance Agreement between the LifeWatch defendants and the Connect America defendants provides that LifeWatch customers will purchase Alarm Monitoring Services from Connect America as a result of the joint sales and marketing efforts under the Marketing Alliance Agreement and that Connect America will supply Medical Alarm Equipment to customers who are identified or acquired as a result of the Marketing Alliance Agreement.

75. The Marketing Alliance Agreement describes in detail the "offer" that will be made to consumers who are called or otherwise contacted as a result of the joint sales and marketing efforts under the Marketing Alliance Agreement, including the equipment and/or services to be offered, the "free" time period to be offered, and/or the "free items" to be offered.

76. The Insertion Orders between the LifeWatch defendants and the Philips defendants provide that new subscribers, or customers, will be delivered as set forth in the agreement as a result of the joint sales and marketing efforts under the Insertion Orders, which identify the "Marketing Medium" as "call centers". They further provide that Philips will supply services and/or Medical Alarm Equipment to customers who are identified or acquired as a result of the Insertion Orders.

77. The Insertion Orders identify LifeWatch as the "Marketer" and provide that Philips has the right to establish terms and conditions of service for subscribers or customers who are called or contacted as a result of the joint sales and marketing efforts under the Insertion Orders.

78. Defendants regularly and routinely violated the New York Consumer Protection Laws, and/or other applicable statutes and/or regulations by, among other things, advising consumers that they are entitled to a free device, as described in detail in this Complaint, but the consumers must pay the monthly fees.

79. At all times alleged herein, each and every defendant was an agent, employee, and/or otherwise acting on behalf of all or some of the other defendants. In doing the things alleged herein, each and every defendant was acting within the course and scope of that agency or employment and was acting with the consent, permission and authorization of the remaining defendants.

80. As a direct result of the defendants' improper, fraudulent and/or deceptive actions, the plaintiff sustained an ascertainable loss as well as other damages including being charged for and paying monthly fees, even though the device was not activated and even though no one had "bought" the device for him as he was told. As a result, the plaintiff seeks relief.

## STATEMENT OF FACTS

81. The plaintiff received a telephone call from the defendants and/or their agents in July of 2013 advising him that he was entitled to one of the defendants' devices because a family member purchased it for him, however, he was told he had to pay the monthly monitoring fee.

82. The defendants lured the plaintiff into giving his credit card number for the monthly fees by improperly and/or fraudulently advising him that he was entitled to a free device because a family member purchased it for him. The only reason that the plaintiff paid the monthly fees was because he was told a family member purchased the device for him and wanted him to have the service, which he relied on. Had he not been informed that, he would not have given his card information for monthly fees. The defendants, by their fraudulent and/or improper methods, took advantage of the plaintiff, as well as other

consumers, and in doing so, violated the New York Consumer Protection Laws and/or other statutes and/or regulations.

83. The defendants and/or their agents knowingly and willfully contacted the plaintiff and advised him that a family member purchased the defendants' device for him. In fact, a family member had not purchased a device for plaintiff. The defendants intended the plaintiff to rely on their misrepresentations. The plaintiff did, in fact, rely upon the misrepresentations and gave his credit card number to defendants for their monthly fees.

84. As a direct result of the defendants' improper, fraudulent and/or deceptive practices and actions, the plaintiff sustained an ascertainable loss as well as other damages. As a result, the plaintiff seeks relief.

85. Plaintiff was charged $34.95 per month on numerous occasions by defendants, starting on or around July 12, 2013. The credit card charge reads "Medical Alarms Hewlett, N.Y.".

86. Plaintiff was charged even though the device that defendants and/or their agents shipped to him was never activated.

87. The plaintiff continued to be charged by defendants even after the defendants were contacted on plaintiff's behalf and advised that the device/product sent to the plaintiff had not been activated and would not be activated. The defendants responded by informing plaintiff that the defendants would continue to charge the plaintiff's credit card.

88. The letter that was enclosed in the box that was sent to the plaintiff indicates that the box includes "instructions on how to connect and use the equipment, responder forms, financial agreement, and our terms and conditions". Later, the letter refers to the defendants' "terms and conditions". However, the materials referred to, including the financial agreement and the terms and conditions, were not enclosed and were not provided to the plaintiff.

89. The letter also refers to the defendants "Customer Satisfaction 30 Day Guarantee", but there was nothing provided and no details given.

90. Upon information and belief, and based on the investigation, the individual defendants participated in the fraudulent conduct and/or had actual knowledge of it, which makes them personally liable under the Consumer Protection Laws and applicable case law.

91. Members of the class and/or sub-classes had the same or similar experiences with the defendants as the named plaintiff/class representative did.

92. Some of the class members' or sub-class members' accounts came under the Marketing Alliance Agreement between the LifeWatch defendants and the Connect America defendants.

93. Some of the class members' or sub-class members' accounts came under the Insertion Orders between the LifeWatch defendants and the Philips defendants.

## CLASS ACTION ALLEGATIONS

### Class Definition

94. Plaintiff files this case in his individual capacity and as a class action on behalf of himself and all others similarly situated. He and/or other class member(s) who will be named as "class representative(s)" at the time a motion is filed to certify the proposed class, will represent the class and/or sub-class, which is composed of all persons in New York and/or in the United States who purchased and/or paid for (in whole or in part), the defendants' medical alert devices and/or monthly services. The class period will be determined.

95. In addition, there may be a sub-class of New York residents, Massachusetts residents, Pennsylvania residents, and/or residents of other states.

### Impracticable Joinder

96. The class is composed of thousands of persons geographically dispersed throughout New York and other parts of the United States, the joinder of whom in one action is impracticable. The disposition of their claims in a class action will provide substantial benefits to all parties and the Court. The class is sufficiently numerous since there are thousands of consumers in New York and in the United States who come within the class(es).

### Risk of Inconsistent or Varying Adjudications

97.     Prosecution of separate actions by class members would risk inconsistent or varying adjudications, which would establish incompatible standards of conduct for the defendants.

98.     Adjudications by individual members of the class would, as a practical matter, be potentially dispositive of the interests of other members of the class and substantially impair or impede their ability to protect their interests. Class-wide adjudication of these claims, therefore, is appropriate.

99.     Class-Wide Injunctive/Declaratory Relief. Defendants have acted on grounds generally applicable to the class, thereby making appropriate final injunctive relief and/or declaratory relief with respect to the class as a whole appropriate and rendering class-wide adjudication of these claims appropriate.

### Common Questions of Law and Fact

100.    Class members have a common interest in the questions of law and fact involved in this matter and how they will be decided. These factual and/or legal questions common to the class predominate over individual factual or legal questions. The common questions of law and fact include the following:

> (a)     Whether the defendants acted improperly towards the class, including their joint marketing and sales practices;
>
> (b)     Whether the acts and practices of the defendants violated New York's, Massachusetts', and/or Pennsylvania's Consumer Protection Laws and/or other applicable laws and regulations;
>
> (c)     Whether defendants, through their misconduct, have been unjustly enriched at the expense of plaintiff and other class members;
>
> (d)     Whether plaintiff and the class are entitled to damages (including statutory damages) and/or restitution from the defendants; and
>
> (e)     Whether the class could suffer irreparable harm unless their ongoing obligation to

make monthly payments to defendants is addressed and, what the nature of the equitable and injunctive relief that is necessary to prevent that harm should be.

### Typicality

101. Class members, among other things, were informed that the defendants' device had been purchased for them, or otherwise provided to them, and that they had to pay monthly fees. As a result, they paid money to defendants for monthly fees. The plaintiff and any other class members who may be named as the class representatives are asserting claims that are typical of the claims of the entire class.

### Fair and Adequate Representation

102. The class representatives will fairly and adequately represent and protect the interests of the class in that they have no interests that are antagonistic to those of the other members of the class. The plaintiff has retained counsel who is competent and experienced in the handling of litigation, including class action litigation.

### Superiority of Class Action Procedure

103. The plaintiff and the members of the class have all suffered damages as a result of defendants' improper and deceptive practices. Absent a class action, defendants will likely retain millions of dollars received as a result of defendants' wrongdoing. The improper conduct would go un-remedied and uncorrected. Absent a class action, the class members will not receive restitution. These violations of law will be allowed to stand without remedy and the defendants will retain the proceeds and ill-gotten gains. Absent a class action, the equitable and injunctive relief sought, will not occur. All of the aforementioned makes class treatment of the issues superior.

104. Class certification of this matter will be appropriate under Rule 23.

### CLAIMS

105. Pursuant to notice pleading, plaintiff hereby alleges each and every cause of action and remedy at law or in equity supported by the facts alleged in this Complaint. Those causes of action and remedies at law or in equity include the following:

## COUNT ONE
## VIOLATIONS OF NEW YORK'S GENERAL BUSINESS LAW, SECTIONS 349-350, (CONSUMER PROTECTION LAWS), AND/OR OTHER APPLICABLE STATUTES AND REGULATIONS

106. Plaintiff repeats and reiterates each and every allegation contained in the paragraphs of this Complaint marked and designated "1" through "105", inclusive with the same force and effect as though the same was more fully set forth at length herein.

107. Section 349 and Section 350 of the New York General Business Law (hereinafter "New York Consumer Protection Laws") state, in relevant part:

> **New York General Business – Article 22-A - § 349**
> **Deceptive Acts and Practices Unlawful**
>
> General Business
> § 349. Deceptive acts and practices unlawful. (a) Deceptive acts or practices in the conduct of any business, trade or commerce or in the furnishing of any service in this state are hereby declared unlawful.
>
> **New York General Business – Article 22-A - § 350 False Advertising Unlawful**
>
> § 350. False advertising unlawful. False advertising in the conduct of any business, trade or commerce or in the furnishing of any service in this state is hereby declared unlawful.

108. Defendants violated the New York Consumer Protection Laws, the Massachusetts Consumer Protection Laws and/or the Pennsylvania Consumer Protection Laws and/or other applicable statutes and/or regulations by engaging in the improper and deceptive practices that are described in detail in this Complaint.

109. The elements of Section 349 and/or other applicable statutes and/or regulations have been satisfied. The improper and deceptive business practices of the defendants and/or their agents were: (1) consumer-oriented (the plaintiff and the class are consumers); (2) misleading in a material respect (i.e., misrepresenting to consumers that a family member or friend purchased a medical device for the consumer is obviously misleading in a material respect, along with the other deceptive acts and improper actions); and (3) the plaintiff and the class were injured as a result of the deceptive acts or practices (the

consumers paid money to defendants, causing obvious damages).

110. The defendants' improper and deceptive business practices are also in violation of Section 350. The defendants' actions, as described in detail in this Complaint, constitute false advertising.

111. The individual plaintiff and class members were caused to suffer damages as a result of defendants' acts and/or omissions, including ascertainable losses.

**COUNT TWO**
**FRAUD/INTENTIONAL MISREPRESENTATION**

112. Plaintiff repeats and reiterates each and every allegation contained in the paragraphs of this Complaint marked and designated "1" through "111", inclusive with the same force and effect as though the same was more fully set forth at length herein.

113. Defendants knowingly and intentionally made false statements of existing material facts in their contact with plaintiff and class members as described in detail in this Complaint.

114. The representations, misrepresentations, and/or omissions were likely to mislead a reasonable consumer acting reasonably under the circumstances.

115. Defendants intended for plaintiff and class members to rely on their material misrepresentations of fact.

116. Plaintiff and class members reasonably and justifiably relied on defendants' material misrepresentations, unaware of the falsity of defendants' representations, and had a right to rely on those representations.

117. The individual plaintiff and the class members were caused to suffer damages as a result of defendants' acts and/or omissions.

**COUNT THREE**
**EQUITABLE AND INJUNCTIVE RELIEF,**
**INCLUDING PURSUANT TO NEW YORK GENERAL BUSINESS LAW, SECTION 349(h),**
**AND/OR OTHER APPLICABLE STATUTES AND/OR REGULATIONS**

118. Plaintiff repeats and reiterates each and every allegation contained in the paragraphs of this Complaint marked and designated "1" through "117", inclusive with the same force and effect as though

the same was more fully set forth at length herein.

119. The class has no complete, speedy, and adequate remedy at law with respect to the fraud, misrepresentations, and/or improper and deceptive business practices by the defendants and/or their agents (as described in detail in this Complaint). The class and others will suffer continuing, immediate, and irreparable injury as a proximate cause of defendants' actions and/or omissions absent injunctive and equitable relief by this Court. The defendants must be ordered to stop such improper and deceptive business practices in order to prevent future harm, as is authorized in the applicable Consumer Laws.

120. Section 349 includes a provision about injunctive relief, which provides as follows:

> (h) In addition to the right of action granted to the attorney general pursuant to this section, any person who has been injured by reason of any violation of this section may bring an action in his own name to enjoin such unlawful act or practice, an action to recover his actual damages or fifty dollars, whichever is greater, or both such actions.

121. Thus, plaintiff and class members are specifically authorized under the statute cited, and/or under other applicable statutes and/or regulations, to seek injunctive relief and have the defendants enjoined from continuing their unlawful, improper and deceptive practices.

## COUNT FOUR

## UNJUST ENRICHMENT

122. Plaintiff repeats and reiterates each and every allegation contained in the paragraphs of this Complaint marked and designated "1" through "121", inclusive with the same force and effect as though the same was more fully set forth at length herein.

123. The defendants' improper and unlawful activities (as described in detail in this Complaint), including misrepresentations, resulted in the unjust enrichment of the defendants. The defendants were unjustly enriched in the amount of money made by them through the sale of their products and services.

124. The class has been damaged in the amount that the defendants were unjustly enriched and/or the amounts they paid and their damage was caused by the defendants' acts and/or omissions.

## PRAYER FOR RELIEF

**WHEREFORE**, as a result of the forgoing, plaintiff on behalf of himself and his individual claims, as well as on behalf of all other persons similarly situated, prays for the following relief:

A. an Order certifying the class, appointing the named plaintiff as class representative, and appointing plaintiff's counsel as class counsel;

B. an Order awarding compensatory damages to plaintiff and all members of the class for all claims in the Complaint;

C. an Order requiring disgorgement of defendants' ill-gotten gains to pay restitution to plaintiff and all members of the class, and to restore to the public all funds acquired by means of any act or practice declared by this Court to be unlawful, fraudulent or unfair business acts or practices, a violation of laws, statutes, or regulations, or constituting unfair competition or false, untrue or misleading advertising;

D. an Order providing for equitable and injunctive relief, including an Order directing defendants to immediately stop their improper and deceptive business practices;

E. treble damages pursuant to the New York Consumer Laws and/or other applicable statutes and/or regulations in connection with defendants' illegal and improper actions;

F. that this Court award attorney's fees and costs of suit to the plaintiff and the Class, including attorney's fees under the New York Consumer Laws and/or other applicable statutes and/or regulations; and

G. such other and further relief as the Court may deem necessary or appropriate.

## JURY DEMAND

Plaintiff hereby demands a trial by jury.

-22-

Dated: November 13, 2014                        **GAINEY McKENNA & EGLESTON**

                                                _____
                                                Barry J. Gainey (7560)
                                                *Attorney for Plaintiff*
                                                95 Route 17 South, Suite 310
                                                Paramus, New Jersey 07652
                                                T: (201) 225-9001
                                                F: (201) 225-9002
                                                E-Mail: bgainey@gme-law.com