**THE SULTZER LAW GROUP, P.C.**
Jason Sultzer (JS4546)
Joseph Lipari (JL3194)
85 Civic Center Plaza, Suite 104
Poughkeepsie, New York 12601
Tel: (845) 483-7100
Fax: (888) 749-7747
Email: sultzerj@thesultzerlawgroup.com
       liparij@thesultzerlawgroup.com

Counsel for Defendant Lifewatch, Inc.

## UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF NEW YORK

———————————————————— x

EDWARD J. REYNOLDS, D.D.S., Individually : 
and on behalf of all others similarly situated, :
                                 :   Case No. 14-CV-3575
                                 :
          Plaintiff,             :
v.                               :
                                 :

LIFEWATCH, INC., LIFEWATCH CORP.,     :
LIFEWATCH TECHNOLOGIES CORP.,      :   **LIFEWATCH'S MEMORANDUM OF LAW**
LIFEWATCH SERVICES, INC., LIFEWATCH,   :     **IN SUPPORT OF ITS MOTION TO**
INC. d/b/a LIFEWATCH USA, EVAN SIRLIN, :                 **DISMISS**
MITCHELL MAY, ABC CORPORATIONS 1-10, :
AND JOHN DOES 1-10,                  :
                                 :
          Defendants.         :

———————————————————— x

## **TABLE OF CONTENTS**

PRELIMINARY STATEMENT...................................................................................1

LEGAL ARGUMENT..............................................................................................3

    I.    PLAINTIFF'S CLASS ALLEGATIONS AGAINST LIFEWATCH  MUST BE STRICKEN PURUSANT TO FRCP R. 12(f) AS THEY CANNOT MEET FRCP R. 23'S REQUIREMENTS............................................................................................3

        A. GIVEN LIFEWATCH'S REFUND CAMPAIGN, PLAINTIFF'S  LAWSUIT IS MOOT.....................................................................................................4

        B. LIFEWATCH INITIATED A REFUND CAMPAIGN OFFERING CUSTOMERS FULL REDRESS, AND THIS LITIGATION, THEREFORE, IS NOT THE SUPERIOR RESOLUTION METHOD...................................................................4

        C. PLAINTIFF IS AN INADEQUATE CLASS REPRESENTATIVE............6

        D. PLAINTIFF'S PROPOSED CLASS IS NOT ASCERTAINABLE BECAUSE A MYRIAD OF INDIVIDUAL INQUIRIES WOULD NECESSARILY PREDOMINATE OVER COMMON QUESTIONS............................................................................6

        E. PLAINTIFF'S FRAUD, INTENTIONAL MISREPRESENTATION, AND UNJUST ENRICHMENT CLAIMS ARE NOT SUITABLE FOR A CLASS ACTION SUIT..........................................................................................................8

      1. PLAINTIFF'S CAUSE OF ACTION FOR FRAUD MUST BE STRICKEN AS THE COURT CANNOT POSSIBLY APPLY THE STATE LAW OF MULTIPLE JURISDICTIONS........................................................................................8

      2. PLAINTIFF'S CAUSE OF ACTION FOR UNJUST ENRICHMENT MUST BE STRICKEN AS THE COURT CANNOT POSSIBLY APPLY THE STATE LAW OF MULTIPLE JURISDICTIONS.........................................................................9

        F. PLAINTIFF'S GBL §§ 349 AND 350 CAUSES OF ACTION MUST FAIL AS THESE STATUTES ARE NOT APPLIED EXTRATERRITORIALLY......................10

    II.    PLAINTIFF'S CLAIM MUST BE DISMISSED FOR FAILURE TO STATE A CAUSE OF ACTION PURSUANT TO FRCP 12(b)(6)...............................................11

        A. PLAINTIFF'S GBL CAUSES OF ACTION CANNOT SURVIVE 12(b)(6) SCRUTINY..................................................................................................12

        B. PLAINTIFF'S FRAUD CAUSE OF ACTION CANNOT SURVIVE 12(b)(6) SCRUTINY..................................................................................................13

I

C.  PLAINTIFF'S UNJUST ENRICHMENT CLAIM IS DUPLICATIVE AND MUST BE DISMISSED.................................................................15

CONCLUSION.................................................................16

# TABLE OF AUTHORITIES

**Cases**

*Ackerman v. Coca-Cola Co.,*
 2013 U.S. Dist. LEXIS 184232, \*59 (E.D.N.Y. July 17, 2013)…………………………..6

*Arroyo v. PHH Mortg. Corp.,*
 2014 U.S. Dist. LEXIS 68534, \*33 (E.D.N.Y. May 19, 2014)…………………………13

*Ashcroft v. Iqbal,*
 556 U.S. 662, 663 (2009)…………….......................................................................11, 12

*Banco Indus. De Venez v. CDW Direct, LLC,*
 888 F.Supp.2d 508, 515 (S.D.N.Y. 2012)…………………………………………….11

*Barrus v. Dick's Sporting Goods, Inc.,*
 732 F.Supp.2d 243, 253-54 (W.D.N.Y. 2010)…………………………………………8

*Bell Atl. Corp. v. Twombly,*
 550 U.S. 544, 555 (2007)…………………………………………………….......11

*Berley v. Dreyfus & Co.,*
 43 F.R.D. 397, 398-99 (S.D.N.Y. 1967)…………………………………………….4, 5

*Binson v. J.E. Robert Co.,*
 2006 U.S. Dist. LEXIS 101012 (E.D.N.Y. June 27, 2006)……………………….……4

*Brown v. Philadelphia Hous. Auth.,*
 350 F.3d 338, 343-46 (3d Cir. 2003)……………………………………………….....4

*Calibuso v. Bank of Am. Corp.,*
 893 F.Supp.2d 374, 388 (E.D.N.Y. 2012)……………………………….......………...3

*Castano v. American Tobacco Co.,*
 84 F.3d 734, 740 (5th Cir. La. 1996)………………………………………………8

*Clay v. Am. Tobacco Co.,*
    188 F.R.D. 483, 501 (S.D. Ill. 1999)……………………………………………...…10

*Comer v. Cisneros,*
    37 F.3d 775, 798 (2d Cir. 1994)…………………………………...………………4

*Crab House of Douglaston Inc. v. Newsday, Inc.,*
    2013 U.S. Dist. LEXIS 45499 (E.D.N.Y. March 29, 2013)……………………….....8

*Dimuro v. Clinique Labs, LLC.,*
    572 Fed. Appx. 27, 30 (2d Cir. 2014)………………………………………………14

*Ebin v. Kangadis Food, Inc.,*
    2013 U.S. Dist. LEXIS 174174 (S.D.N.Y. December 11, 2013)………………………15

*Federal Trade Commission v. Worldwide Info Services, et al.,* 6:14-cv-8-ORL-28DAB………..1

*Georgine v. Amchem Prods.,*
    83 F.3d 610, 627 (3d Cir. 1996)…………………………………………………...8

*Goshen v. Mut. Life Ins. Co. of New York,*
    98 N.Y.2d 314, 325 (2002)……………………………………………………10

*Henson v. Wright Med. Tech. Inc.,*
    2013 U.S. Dist. LEXIS 44295, \*11-12 (N.D.N.Y. 2013)……………………….....12

*In re Aqua Dots Prods. Liab. Litigation,*
    270 F.R.D. 377 (N.D. Ill. 2010)…………………………………………………..5

*In re Aqua Dots Prods. Liab. Litig.,*
    654 F.3d 748, 752 (7th Cir. 2011)………………………………………………...6

*In re Terazosin,*
    220 F.R.D. 672, 697, n.40 (S.D. Fla. 2004)……………………………………10

*Koch v. Greenberg,*
    14 F.Supp.3d 247, 261 (S.D.N.Y. 2014)……………………………………………..12

*Koenig v. Boulder Brands, Inc.,*
    995 F.Supp.2d 274, 290 (S.D.N.Y. 2014)………………………………………….16

*Kottler v. Deutsche Bank AG,*
    2010 U.S. Dist. LEXIS 30590, *8 (S.D.N.Y. March 29, 2010)…...............................8, 9

*LaFaro v. N.Y. Cardiothoracic Grp.,*
    570 F.3d 471, 475 (2d Cir. 2009)………………………………………………...11

*Lewis Tree Serv. v. Lucent Techs., Inc.,*
    211 F.R.D. 228, 233-35 (S.D.N.Y. 2002)……………………………………………8

*Luedke v. Delta Air Lines, Inc.*
    1993 U.S. Dist. LEXIS 11002, *9 (S.D.N.Y. August 6, 1993)…………………………..7

*Pagan v. Abbott Labs, Inc.,*
    287 F.R.D. 139, 151 (E.D.N.Y. October 20, 2012)…………………………………….5

*Patton v. Topps Meat Co., LLC,*
    2010 U.S. Dist. LEXIS 145335, *19-20 (W.D.N.Y. May 27, 2010)…………………...5

*Pentair Water Treatment Co. v. Cont'l Ins., Inc.,*
    2009 U.S. Dist. LEXIS 39932, *10 (S.D.N.Y. April 21, 2009)…………………………10

*Pilgrim v. Universal Health Card, LLC,*
    660 F.3d 943, 946 (6th Cir. 2011)……………………………………………………8

*Reed v. Friedman Mgmt. Corp.,*
    2014 U.S. Dist. LEXIS 29649, *4 (S.D.N.Y. July 8, 2014)……………………………11

*Rodriguez v. It's Just Lunch, Int'l,*
    2014 U.S. Dist. LEXIS 66409, *44 (S.D.N.Y. May 14, 2014)…………………………9

*Sanders v. Apple, Inc.,*
    672 F.Supp.2d 978, 990 (N.D. Cal. 2009)…………………………...……………………3


*Scott v. Family Dollar Stores, Inc.,*
    2012 U.S. Dist. LEXIS 4669 (W.D.N.C. Jan. 13, 2012)…………………………………3


*Vaccariello v. XM Satellite Radio,*
    295 F.R.D. 62, 70 (S.D.N.Y. 2013)……………………………………………………7


*Vinole v. Countrywide Home Loans, Inc.,*
    571 F.3d 935, 939 (9th Cir. 2000)……………………………………………………3

**Rules**

FRCP R. 12(f)………………………………………………………...1, 2, 3, 4, 6, 11, 16

FRCP R. 23……………………………………………………………1, 2, 3, 7, 9, 16

FRCP R. 12(b)(6)………………………………………………………1, 2, 11, 12, 13, 16

FRCP R. 23(b)(3)……………………………………………………………………4, 5

FRCP R. 23(a)(4)………………………………………………………………………6

FRCP R. 23(a)…………………………………………………………………………..8

FRCP R. 23(b)………………………………………………………………………8, 9

FRCP 9(b)…………………………………………………………………………3, 13, 14

Defendant Lifewatch, Inc. submits this brief in support of its motion for an order pursuant to FRCP R. 12(f), striking Plaintiff's class allegations as they do not satisfy FRCP R. 23. Defendant Lifewatch further submits this brief in support of its motion to dismiss Plaintiff's Amended Complaint pursuant to FRCP R. 12(b)(6).

## PRELIMINARY STATEMENT

Plaintiff's lawsuit is a lonesome ship that has already passed through the night.  Refunds have already been offered to the named Plaintiff and any purported Class Members who can actually be identified for the alleged wrongdoing set forth in Plaintiff's Amended Complaint. And, regardless, it is clear based on the pleadings that management of this case as a class action will not work.

Plaintiff's Amended Complaint is essentially a copy-cat case of Federal Trade Commission v. Worldwide Info Services, et al., 6:14-cv-8-ORL-28DAB (District Court for the Middle District of Florida), in which the Federal Trade Commission ("FTC") alleged that various companies selling medical alert devices made misrepresentations to prospective customers (i.e. the product was endorsed by the American Heart Association, the device was free because it had been purchased by a friend or family member, consumers would not be charged the first monitoring fee until they received and activated the Lifewatch medical alert system).  Lifewatch was not named in the FTC suit.  Exhibit B, ¶ 8.  The alleged misrepresentations underlying the FTC suit prompted Lifewatch to voluntarily initiate a full refund campaign (i.e. a full refund to any customer that was contacted by one of the outside companies and then purchased Lifewatch's products or services based on any of the alleged misrepresentations described in the FTC Complaint). [i] Exhibit B, ¶ 9.  Plaintiff opted to file a putative class action Complaint and Amended Complaint rather than avail himself of the refund.  The alleged misrepresentations

1

underlying Plaintiff's Amended Complaint are identical to the alleged misrepresentations described in the FTC Complaint. Plaintiff's Complaint, including the class allegations, must now be dismissed pursuant to FRCP 12(f) because:

1) Given that Lifewatch initiated a recall/refund campaign, the lawsuit is moot. Further, Lifewatch's recall/refund campaign is the superior mechanism for redressing Plaintiff's alleged injuries.

2) Plaintiff is an inadequate class representative and fails to meet the necessary requirement under Rule 23's "adequacy of representation" standard as Plaintiff has elected to pursue lengthy and costly litigation in lieu of availing himself of the refund. Plaintiff's decision has harmed potential class members' interests. Furthermore, it is well-settled that an adequate class representative would not choose lengthy litigation that serves to dilute a larger, definitive refund.

3) Plaintiff's proposed class is not ascertainable, and is therefore insufficient to meet the requirements under Rule 23, as it would be impossible to ascertain which customers within the proposed class actually wanted to purchase Lifewatch products, regardless of alleged misrepresentations.

4) Plaintiff cannot possibly show that his fraud/misrepresentation and unjust enrichment causes of action are maintainable under Rule 23 as a nationwide class action. Application of all 50 states' varying fraud and unjust enrichment laws in a single case will result in intractable case management problems. Moreover, individual issues will predominate over common issues, defeating typicality and commonality requirements under Rule 23.

5)     It is well settled that consumer protection statutes §§ 349 and 350 cannot be

applied extraterritorially.

Furthermore, pursuant to FRCP 12(b)(6), Plaintiff's Complaint must be dismissed in its

entirety as Plaintiff fails to state a cause of action inasmuch:

1)     Plaintiff fails to plead the necessary elements for GBL §§ 349 and 350.

2)     Plaintiff fails to plead his fraud cause of action with particularity pursuant

to Federal Rules of Civil Procedure Rule 9(b).

3)     Plaintiff's unjust enrichment claim is duplicative of his fraud and §§ 349

and 350 causes of action.

## LEGAL ARGUMENT

**I.     Plaintiff's Class Allegations against Lifewatch Must Be Stricken Pursuant to FRCP R. 12(f) as They Cannot Meet FRCP R. 23's Requirements.**

Rule 12(f) authorizes a court to "order stricken from any pleading . . . any redundant,

immaterial, impertinent, or scandalous matter" to avoid wasting "time and money litigating

spurious issues." Fed. R. Civ. P. 12(f).  Rule 12(f) is a procedurally proper mechanism to strike

class allegations.  Federal courts hold that a defendant may file a preemptive motion to strike the

class allegations from the complaint even if the plaintiff has not moved to certify the class.

Vinole v. Countrywide Home Loans, Inc., 571 F.3d 935, 939 (9th Cir. 2000); *See* Calibuso v.

Bank of Am. Corp., 893 F.Supp.2d 374, 388 (E.D.N.Y. 2012)("Furthermore, the court finds that

. . . it would be futile to allow plaintiffs to conduct discovery because plaintiff's theory for class

certification is simply foreclosed.")(citing Scott v. Family Dollar Stores, Inc., 2012 U.S. Dist.

LEXIS 4669 (W.D.N.C. Jan. 13, 2012)); *See also* Sanders v. Apple, Inc., 672 F.Supp.2d 978,

990 (N.D. Cal. 2009)(addressing Rule 12(f) and stating that "[w]here the complaint demonstrates

3

that a class action cannot be maintained on the facts alleged, a defendant may move to strike

class allegations prior to discovery.").

### A. Given Lifewatch's Refund Campaign, Plaintiff's Lawsuit is Moot.

In general, if the claims of the named plaintiffs become moot prior to class certification,

the entire action becomes moot. *See* Binson v. J.E. Robert Co., 2006 U.S. Dist. LEXIS 101012

(E.D.N.Y. June 27, 2006)(citing Comer v. Cisneros 37 F.3d 775, 798 (2d Cir. 1994)); *See also*

Brown v. Philadelphia Hous. Auth., 350 F.3d 338, 343-46 (3d Cir. 2003)(applying general rule

that when claims of the named plaintiffs become moot before class certification, dismissal of the

action is required).  Furthermore, if a class of interested litigants is not already in existence, the

court should not go out of its way to create one.  Berley v. Dreyfus & Co., 43 F.R.D. 397, 398-99

(S.D.N.Y. 1967).

In the present action, Lifewatch's campaign offers to refund Plaintiff and any and all

potential class members across the country for the exact conduct alleged in Plaintiff's Complaint.

Exhibit B, ¶ 8-10; Exhibit C.  Plaintiff—like all Lifewatch customers who allegedly bought

Lifewatch devices through their interactions with outside companies—is entitled to a full refund.

Exhibit B, ¶ 10; Exhibit C.  Plaintiff's action is therefore moot, and the Court should not create a

lawsuit, when Lifewatch has already created the means by which Plaintiff and impacted

Lifewatch customers can obtain a refund.  Given that Plaintiff's claim is moot, the entire class

action must be considered moot, and Plaintiff's allegations should be stricken pursuant to FRCP

R. 12(f).

### B. Lifewatch Initiated a Refund Campaign Offering Customers Full Redress, and this Litigation, Therefore, is Not the Superior Resolution Method.

It is well-settled that Rule 23(b)(3) requires Plaintiff to establish that a class action

lawsuit is indeed "superior to other available methods for fairly and efficiently adjudicating the

controversy." <u>Patton v. Topps Meat Co., LLC</u>, 2010 U.S. Dist. LEXIS 145335, *19-20 (W.D.N.Y. May 27, 2010).  And, as this Court stated in <u>Berley v. Dreyfus & Co.</u>, 43 F.R.D. 397, 398 (S.D.N.Y. 1967), Rule 23(b)(3) "reflects a broad policy of economy in the use of society's difference-settling machinery," including the use of a refund program.  Plaintiff's decision to forgo Lifewatch's refund campaign is fatal to his Complaint.

Many courts have "denied class certification in consumer class actions because a voluntary recall and/or refund program provided a superior method of compensating the putative class members." *See* <u>Pagan v. Abbott Labs, Inc.</u>, 287 F.R.D. 139, 151 (E.D.N.Y. October 20, 2012).  As the <u>Pagan</u> court made clear: "[w]here available refunds afford class members a comparable or even better remedy than they could hope to achieve in court, a class action would merely divert a substantial percentage of the refunds' aggregate value to the class lawyers." <u>Id.</u> (citing <u>In re Aqua Dots Prods. Liab. Litigation</u>, 270 F.R.D. 377 (N.D. Ill. 2010)).  Moreover, any "rational" class member "would not choose to litigate a multiyear class action just to procure refunds that are readily available here and now." <u>Id.</u>

Here, Lifewatch's refund campaign, which provides purchasers of the subject devices with full refunds, is an adjudicative method superior to Plaintiff's proposed class action. Notably, Lifewatch's refund campaign provides refunds to any and all potential class members across the country for the exact conduct alleged in Plaintiff's Amended Complaint.  <u>Exhibit B</u>, ¶ 8-10; <u>Exhibit C</u>.  Plaintiff and the Class could have procured refunds prior to the filing of this suit, and, most importantly, can still obtain refunds during pendency of this litigation.  <u>Exhibit B</u>, ¶ 10; <u>Exhibit C</u>.  Plaintiff has chosen an inferior method for resolution, and thus the Amended Complaint fails to meet FRCP R. 23(b)(3)'s superiority requirement, and the Court must therefore strike Plaintiff's class allegations.

### C.  Plaintiff Is an Inadequate Class Representative.

Federal courts have held that a class representative who proposes that high transaction costs (i.e. notice and attorneys' fees) be incurred at the expense of class members who could obtain a refund that is already being offered is not adequately protecting the class members' interests.  *See* In re Aqua Dots Prods. Liab. Litig., 654 F.3d 748, 752 (7th Cir. 2011).

Here, Lifewatch launched a refund campaign and advised its customers that they were and are still entitled to a full refund if they were contacted by an outside company and then purchased Lifewatch products or services based on the exact false statements and/or conduct that Plaintiff alleges in his Amended Complaint.  Exhibit B, 8-10; Exhibit C.  Plaintiff and any potential class members are entitled to a full refund related to the exact conduct Plaintiff alleges in his Amended Complaint.  Exhibit B, ¶ 10; Exhibit C.  Plaintiff—instead of taking advantage of Lifewatch's refund offer—chose to bring this suit and forgo the most efficient and expeditious solution and mechanism: a full refund from Lifewatch for alleged misrepresentations made to consumers by outside companies unaffiliated with the company.  By bringing this suit, Plaintiff proposes that extensive litigation, extraordinary attorneys' fees, notice to potential class members, and a diluted award are a superior vehicle for resolving such issues.  Plaintiff's proposition does not protect, but rather harms, the interests of potential class members.  Because Plaintiff is an inadequate representative, Plaintiff fails to meet FRCP R. 23(a)(4) requirement, and Plaintiff's Amended Complaint and all class allegations must be stricken pursuant to FRCP R. 12(f).

### D.  Plaintiff's Proposed Class is Not Ascertainable because a Myriad of Individual Inquiries Would Necessarily Predominate over Common Questions.

It is well-established under New York law that a proposed class must be ascertainable. Ackerman v. Coca-Cola Co., 2013 U.S. Dist. LEXIS 184232, *59 (E.D.N.Y. July 17, 2013).

Moreover, the class must be "identifiable" such that "its members can be ascertained by reference to objective criteria." Id.; *See also* Luedke v. Delta Air Lines, Inc., 1993 U.S. Dist. LEXIS 11002, *9 (S.D.N.Y. August, 6, 1993)("A basic requirement of a class action under Rule 23 is that class membership must be capable of ascertainment under some objective standard.").

In Vaccariello v. XM Satellite Radio, 295 F.R.D. 62, 70 (S.D.N.Y. 2013), plaintiff claimed that defendant's automatic renewal policy for satellite service was a deceptive trade practice.  The Vaccariello court determined that ascertaining which customers might have actually desired renewal—as opposed to only renewing because of the allegedly deceptive automatic renewal policy—required a myriad of individual inquiries that would predominate over any common questions and therefore the court found that the proposed class was unascertainable.  Vaccariello v. XM Satellite Radio, Inc., 295 F.R.D. 62 (S.D.N.Y. 2013).

Here, Plaintiff's proposed class is not ascertainable, as it would be impossible to ascertain which customers would have opted to receive a free emergency medical alert device and pay monthly service charges irrespective of whether they had been told that a friend or family member had already purchased the device.  Like Vaccariello, the Court would have to make myriad individual inquiries, including, but not limited to: 1) which outside sales company contacted the potential class member; 2) the dialogue that occurred during each phone call; and 3) whether the potential class member would have paid for the service irrespective of the statements made by the outside company's sales employee.  Given the need to conduct these individual inquiries the proposed class is necessarily unascertainable and cannot be certified under New York law.  Accordingly, Plaintiff's class allegations must be stricken.

### E.  Plaintiff's Fraud, Intentional Misrepresentation, and Unjust Enrichment Claims Are Not Suitable for a Class Action Suit.

Plaintiff cannot satisfy FRCP R. 23(a)'s commonality or typicality requirements nor can Plaintiff satisfy FRCP R. 23(b)'s predominance, commonality, or superiority requirements because Plaintiff's common law claims would break down into innumerable state-specific issues that could not be tried commonly across the class and that would create incurable case management problems.  In <u>Pilgrim v. Universal Health Card, LLC</u>, 660 F.3d 943, 946 (6th Cir. 2011), the court affirmed the granting of a motion to strike the plaintiff's class allegations "because each class member's claim would be governed by the law of the State in which he made the challenged purchase, and the differences between the consumer-protection laws of the many affected States would cast a long shadow over any common issues of facts plaintiff might establish."  *See also* <u>Barrus v. Dick's Sporting Goods, Inc.</u>, 732 F.Supp.2d 243, 253-54 (W.D.N.Y. 2010)("[I]n a class action governed by the laws of multiple states, such as this one, variations in state law may swamp any common issues and defeat predominance.")(citing <u>Castano v. American Tobacco Co.</u>, 84 F.3d 734, 740 (5th Cir. La. 1996); <u>Georgine v. Amchem Prods.</u>, 83 F.3d 610, 627 (3d Cir. 1996), *aff'd* 521 U.S. 591, 624 (1997)).

### 1. Plaintiff's Cause of Action for Fraud Must Be Stricken as the Court Cannot Possibly Apply the State Law of Multiple Jurisdictions.

Given that fraud is a common law cause of action and requires individualized inquiries relative to reliance, the Second Circuit has held that "fraud claims are unsuited for class action treatment." <u>Kottler v. Deutsche Bank AG</u>, 2010 U.S. Dist. LEXIS 30590, *8 (S.D.N.Y. March 29, 2010); *See also* <u>Crab House of Douglaston Inc. v. Newsday, Inc.</u>, 2013 U.S. Dist. LEXIS 45499 (E.D.N.Y. March 29, 2013); <u>Lewis Tree Serv. v. Lucent Techs., Inc.</u>, 211 F.R.D. 228, 233-35 (S.D.N.Y. 2002).

If fraud allegations were to survive class certification, Plaintiffs "would need to produce evidence of individualized reliance, resulting in a series of mini-trials within a class-action framework . . . defeat[ing] the very purpose of the class-action mechanism." Id. Because fraud law in jurisdictions outside New York varies significantly from state to state, the proposed trial would be unmanageable, which weighs heavily against granting class certification. See Kottler, 2010 U.S. Dist. LEXIS 30590.

Here, potential class members purchased medical alert services for unique, individualized reasons. In order to prove his fraud claim, Plaintiff would have to produce reliance evidence as to each and every class member (i.e. each class member agreed to pay a monthly fee for the Lifewatch product solely because an outside company allegedly stated that the device was free and had already been purchased by a friend or family member). This would result in a multiple mini-trials as to reliance and defeat the purpose of class wide adjudication. Plaintiff's fraud claim, therefore, cannot satisfy Rule 23(b), and his class allegations must be stricken.

### 2. Plaintiff's Cause of Action for Unjust Enrichment Must Be Stricken As the Court Cannot Possibly Apply the State Law of Multiple Jurisdictions.

For the same reasons as stated above, the Court must additionally strike Plaintiff's claim for unjust enrichment as Plaintiff cannot meet his burden of establishing that class issues common to the unjust enrichment claim predominate over individual issues. It is well-established under New York law that "variations in state law have generally precluded nationwide class certifications based on unjust enrichment theories," and therefore such claims "cannot satisfy Rule 23(b)'s predominance requirement." Kottler v. Deutsche Bank AG, 2010 U.S. Dist. LEXIS 30590, *12 (S.D.N.Y. March 29, 2010). Furthermore, the laws "concerning unjust enrichment *do* vary from state to state." Rodriguez v. It's Just Lunch, Int'l, 2014 U.S.

9

Dist. LEXIS 66409, *44 (S.D.N.Y. May 14, 2014) (citing In re Terazosin, 220 F.R.D. 672, 697, n.40 (S.D. Fla. 2004)(noting that only some states have an element of "appreciation")); Clay v. Am. Tobacco Co., 188 F.R.D. 483, 501 (S.D. Ill. 1999) (stating that some jurisdictions "only allow a claim of unjust enrichment when no adequate legal remedy exists.").

Here, the law applicable to Plaintiff's unjust enrichment claim would be the law of the specific jurisdiction where potential class members received the phone calls as alleged in Plaintiff's Complaint (i.e. the laws of all 50 states). Because Plaintiff's unjust enrichment claim does not meet Rule 23's predominance requirement, the claim must be stricken from the Complaint.

### F.  Plaintiff's GBL §§ 349 and 350 Causes of Action Must Fail As these Statutes Are Not Applied Extraterritorially.

It is well-settled that New York General Business Law prohibits engaging in "deceptive acts or practices in the conduct of any business, trade or commerce or in the furnishing of any service *in this state*" only. Pentair Water Treatment Co. v. Cont'l Ins., Inc., 2009 U.S. Dist. LEXIS 39932, *10 (S.D.N.Y. April 21, 2009) (emphasis added). And, New York's Consumer Protection Act §§ 349 and 350 were not enacted to police out-of-state transactions. Goshen v. Mut. Life Ins. Co. of New York, 98 N.Y.2d 314, 325 (2002). Accordingly, to state a claim under GBL §§ 349 and/or 350, "the transaction in which the consumer is deceived must occur in New York." Id. at 324.

In Goshen v. Mut. Life Ins. Co., 98 N.Y.2d 314, 324-25, the New York Court of Appeals refused to extend the protection of New York's state consumer protection statutes to non-resident plaintiffs, and ruled that New York's Consumer Protection Act does not extend to protect persons outside the borders of the State of New York.

10

Here, Plaintiff seeks to extend GBL §§ 349 and 350 to potential class members beyond this State's borders. Exhibit A, ¶ 1, 94, 106, 118. Plaintiff alleges that Lifewatch and/or its affiliates allegedly made phone calls in order to initiate and pursue potential transactions with class members in various states throughout the country. *See* Exhibit A, ¶ 1. But, non-resident class members who allege the receipt of phone calls as the basis for their claims cannot join in a class action suit against Defendants because such phone calls and/or transactions did not occur within this State. To the extent any of the alleged transactions occurred outside the State of New York, Plaintiff's causes of action under New York's consumer protection statute cannot survive this motion. If the court does not strike or dismiss Plaintiff's state law claims under 12(b)(6) and/or 12(f) motions, it must limit Plaintiff's GBL §§ 349 and 350 claims to New York class members only.

## II.     Plaintiff's Claim Must Be Dismissed for Failure to State a Cause of Action Pursuant to FRCP 12(b)(6).

Under Rule 12(b)(6), a plaintiff's complaint must be dismissed if it fails to state a claim upon which relief can be granted. Fed. R. Civ. P. 12(b)(6). To survive a motion to dismiss, a complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Ashcroft v. Iqbal, 556 U.S. 662, 663 (2009). Further, a "complaint must advance more than mere legal conclusions" or "a formulaic recitation of the elements of a cause of action." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007).

When considering a 12(b)(6) motion, the "court must accept all well-pleaded factual allegations as true and draw all reasonable inferences in the plaintiff's favor." *See* Reed v. Friedman Mgmt. Corp., 2014 U.S. Dist. LEXIS 29649, *4 (S.D.N.Y. July 8, 2014); *see also* LaFaro v. N.Y. Cardiothoracic Grp., 570 F.3d 471, 475 (2d Cir. 2009). However, "[c]onclusory allegations are insufficient to survive a motion to dismiss." Banco Indus. De Venez v. CDW

<u>Direct, LLC</u>, 888 F. Supp.2d 508, 515 (S.D.N.Y. 2012)(citing <u>Iqbal</u>, 556 U.S. at 676).  And, "[w]hile legal conclusions can provide the framework of a complaint, they must be supported by factual allegations."  <u>Id.</u>  The Court has stated that "the tenet that a court must accept a complaint's allegations as true is inapplicable to threadbare recitals of a cause of action's elements, supported by mere conclusory statements."  <u>Iqbal</u>, 556 U.S. at 663.

### A.  Plaintiff's GBL Causes of Action Cannot Survive 12(b)(6) Scrutiny.

It is well established that in order to state a cause of action under GBL § 349, Plaintiff must allege: (1) an act or practice was consumer-oriented; (2) the act or practice was misleading in a material respect; and (3) the plaintiff was injured as a result.  GBL § 350 prohibits false advertising and has the same elements as § 349.  <u>Koch v. Greenberg</u>, 14 F.Supp.3d 247, 261 (S.D.N.Y. 2014)("Defendant's *advertisement* must (1) have an impact on consumers at large, (2) be deceptive or misleading in a material way, and (3) result in injury.")(emphasis in original).

In <u>Henson v. Wright Med. Tech. Inc.</u>, 2013 U.S. Dist. LEXIS 44295, *11-12 (N.D.N.Y. 2013), plaintiff "merely" alleged: (1) that defendants represented their product was safe for its intended uses but knew it was defective and caused "dozens of similar injuries;" (2) that defendants knew the falsity of their representations about the product's safety, which plaintiff justifiably relied upon to his detriment; and (3) that defendants' misrepresentations proximately caused plaintiff's injuries.  <u>Id.</u>  Based on these allegations, the court held that plaintiff failed to state a cause of action for violations of GBL §§ 349 and 350, stating that plaintiff did not advance "sufficient allegations regarding how Defendants' alleged deceptive or misleading business practices harmed consumers."  <u>Id.</u> at *12.

Here, Plaintiff alleges that Defendant or its agents engaged in improper and deceptive business practices which were: (1) consumer-oriented (Plaintiff and the class are consumers); (2)

misleading in a material respect (misrepresenting to consumers that a family member or friend purchased a medical device for the consumer is obviously misleading in a material respect); and (3) Plaintiff and the class were injured as a result of the deceptive act or practices (the consumers paid money to defendants, causing obvious damages). Exhibit A, ¶ 109. Plaintiff does not, however, provide any specific allegations from which the court can reasonably infer that Plaintiff or other consumers suffered actual, cognizable harm.

It is well-settled that alleging causation, and how the alleged acts have caused the alleged injury, is *essential* for a claim to survive a 12(b)(6) motion. Arroyo v. PHH Mortg. Corp., 2014 U.S. Dist. LEXIS 68534, *33 (E.D.N.Y. May 19, 2014). And, "conclusory" allegations that "the unfair and deceptive trade acts and practices of Defendants have directly, foreseeably, and proximately caused damages and injury to Plaintiffs and consumers at large" are to be dismissed for failure to state a claim. Id. at *32-33 (Plaintiff's GBL claim did not "expound upon [his] allegation, and [defendant was] left to guess where or how exactly, based on the 142 paragraphs of the Amended Complaint, [plaintiff intended] to allege injury.").

Here, Plaintiff makes only conclusory allegations, stating that "consumers paid money to defendants, causing *obvious* damages." Exhibit A, ¶ 109 (emphasis added). Plaintiff cannot simply state that his injuries are "obvious," and leave it to Defendants and the Court to decipher precisely what, if any, injury occurred through Defendants' alleged business practices. Furthermore, Plaintiff's Amended Complaint shows that Plaintiff voluntarily produced his credit card number, knew exactly what he was paying for, and received everything promised to him. Plaintiff's Amended Complaint also shows that Plaintiff was not charged for the free unit. Accordingly, there has been no cognizable injury or damage, and Plaintiff's GBL §§ 349 and 350 claims must therefore be dismissed.

**B. Plaintiff's Fraud Cause of Action Cannot Survive 12(b)(6) Scrutiny.**

Under FRCP 9(b), a plaintiff must allege the following for a consumer fraud cause of action: (1) the specific statements that the plaintiff contends were fraudulent; (2) the identity of the speaker; (3) where and when the statements were made; and (4) why the statements were fraudulent. Dimuro v. Clinique Labs., LLC, 572 Fed. Appx. 27, 30 (2d Cir. 2014). Additionally, the court notes that "the cardinal purposes of Rule 9(b) is to provide a defendant fair notice of plaintiff's claim, to enable preparation of a defense." Id.

First, Plaintiff fails to specify the statements that he contends were fraudulent with particularity or explain how, if he received a free device and knowingly authorized monthly service charges related to the device, the statements were actually fraudulent. Plaintiff states that he was "lured" into giving his credit card number for monthly fees "because a family member purchased it for him." Exhibit A, ¶ 82. Plaintiff fails to state why such statements were fraudulent at all, let alone does Plaintiff do so with any particularity. Simply put, Plaintiff's Amended Complaint is riddled with repeated conclusory labels that Lifewatch's statements were improper, fraudulent, and/or deceptive practices or actions. But, the Second Circuit has held that conclusory allegations such as "false, misleading, and/or deceptive;" "deceptive, false, or misleading;" "deceptively market[ed];" "false and misleading;" and "deceptive and/or misleading" fail to satisfy the first prong. See Id. ("[N]o matter how many times Plaintiffs use these labels, they are not facts, and certainly not facts sufficient for Rule 9(b).").

Second, Plaintiff fails to identify the speaker of the fraudulent statements allegedly made by Defendant Lifewatch. At no point does Plaintiff identify the speaker (i.e., the name of the speaker, who the speaker represented, the phone number of the speaker, etc.). Plaintiff,

therefore, fails to meet the second prong of a fraud claim under New York law, and his fraud claim must therefore be dismissed.

Third, Plaintiff fails to state where and when the alleged misrepresentations were made. Plaintiff does not state the date or time that he received the alleged phone call, both of which are essential to his fraud claim. Furthermore, he does not state *where* he received the alleged phone call or on which phone line he received the call (i.e., office, home, or cellular phone). Because Plaintiff fails to plead these most basic facts regarding the basis for his Complaint, Plaintiff's cause of action for fraud must be dismissed.

## C. Plaintiff's Unjust Enrichment Claim Is Duplicative and Must Be Dismissed.

Plaintiff's unjust enrichment claim is duplicative of his fraud and §§ 349 and 350 causes of action. It is well-settled that to state a claim for unjust enrichment under New York law, a plaintiff must allege that: (1) the defendant was enriched; (2) at the expense of the plaintiff; and (3) it would be inequitable to permit the defendant to retain that which is claimed by the plaintiff. Koenig v. Boulder Brands, Inc., 995 F.Supp.2d 274, 290 (S.D.N.Y. 2014). Further, an unjust enrichment claim cannot survive "where it simply duplicates, or replaces, a conventional contract or tort claim." Id.; *See also* Ebin v. Kangadis Food Inc., 2013 U.S. Dist. LEXIS 174174 (S.D.N.Y. December 11, 2013)(holding that plaintiff adequately pleaded claims under New York law for violation of GBL § 349, negligent misrepresentation, and fraud, but dismissing unjust enrichment claim as duplicative of plaintiff's other claims).

Here, Plaintiff claims that he agreed to pay a monthly fee for Lifewatch's device because of Defendants' purported misrepresentations. Exhibit A, ¶ 82, 83. Accepting the truth of the allegations in the Amended Complaint, Defendant would have reaped a financial reward at Plaintiff's expense. However, if Plaintiff's other claims succeed, "the unjust enrichment claim is

duplicative," and if Plaintiff's "other claims are defective, an unjust enrichment claim cannot remedy the defects." Koenig v. Boulder Brands, Inc., 995 F.Supp.2d 274, 291 (S.D.N.Y. 2014). Plaintiff's unjust enrichment claim must therefore be dismissed whether or not Lifewatch's motion is granted.

## **Conclusion**

For the reasons stated herein, Plaintiff's Complaint must be dismissed in its entirety, and with prejudice, pursuant to Rule 12(b)(6).  Furthermore, Plaintiff's class allegations must be stricken pursuant to Rule 12(f) as they fail to meet Rule 23's requirements.


Dated: December 15, 2014

Jason P. Sultzer /s/
Jason P. Sultzer, Esq.
Joseph Lipari, Esq.
THE SULTZER LAW GROUP, P.C.
Attorneys for Defendant
LIFEWATH, INC.
85 Civic Center Plaza, Suite 104
Poughkeepsie, NY 12601
(845) 483-7100
(888) 749-7747

---

[i] Although Lifewatch admits no wrongdoing, it issued a refund in an abundance of caution to ensure that its customers remain satisfied.  By way of background, Lifewatch is a decades-old, New York company that provides medical alert products and services to elderly, seriously ill, and disabled individuals.  Exhibit B, ¶ 3.  By pressing a button on a Lifewatch product, Lifewatch's customers have immediate access to emergency services.  Lifewatch has a group of approximately 90 full-time employees.  Like all businesses, Lifewatch actively seeks ways to expand its customer base.  Lifewatch, however, does not have expertise in marketing, advertising, and/or customer origination, and so it entered into Purchase Agreements with various outside sales companies.  Pursuant to these Purchase Agreements, the outside companies originate customer accounts and then offer to sell those accounts to Lifewatch— and others—on a non-exclusive basis.  Lifewatch does not telemarket and does not and cannot control these outside companies' conduct.  Exhibit B, ¶ 5.  Instead, Lifewatch specifies that the outside sales companies from which it purchases customers must assure compliance with all applicable state and federal laws.  Notably, neither Lifewatch nor its employees initiate telephone calls to prospective customers.  Id.