# EXHIBIT B

**THE SULTZER LAW GROUP, P.C.**
Joseph Lipari (JL3194)
Jason Sultzer (JS4546)
85 Civic Center Plaza, Suite 104
Poughkeepsie, New York 12601
Tel: (845) 483-7100
Email: liparij@thesultzerlawgroup.com
         sultzerj@thesultzerlawgroup.com

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

---------------------------------------------------------- x

EDWARD J. REYNOLDS, D.D.S., Individually    :
and on behalf of all others similarly situated,    :
                                                   :    Case No. 14-CV-3575
                                                   :
          Plaintiff,                               :
                                                   :
v.                                                 :
                                                   :
                                                   :
LIFEWATCH, INC., LIFEWATCH CORP.,                  :
LIFEWATCH TECHNOLOGIES CORP.,                      :    **AFFIDAVIT OF EVAN SIRLIN**
LIFEWATCH SERVICES, INC., LIFEWATCH,               :
INC. d/b/a LIFEWATCH USA, EVAN SIRLIN,             :
MITCHELL MAY, ABC CORPORATIONS 1-10,               :
AND JOHN DOES 1-10,                                :
                                                   :
          Defendants.                              :

---------------------------------------------------------- x

I, Evan Sirlin, declare as follows:

    1.    I am over eighteen years of age and I am competent to make this affidavit.

    2.    The matters set forth in this affidavit are based on my personal knowledge.

    3.    I am President and CEO of Lifewatch, Inc. ("Lifewatch"), a duly registered New York corporation that provides medical alert products and monitoring services to seriously ill, elderly, and disabled individuals.

    4.    I have reviewed the allegations contained in the Complaint filed in *Reynolds v. Lifewatch, Inc., et al.* I deny the allegations against me in the Complaint, including those contained in Paragraphs 13, 28, 29, 32, 33, 34, 35, 45, 46, 48, 53, 65, 67, and 90.

    5.    Lifewatch does not initiate telemarketing calls, employ telemarketers, or otherwise engage in telemarketing.

6.     I did not personally make the telephone call(s) alleged in the Complaint nor did I direct anyone to make the telephone call(s) alleged in the Complaint.

7.     Plaintiff alleges that Defendants called Plaintiff and other consumers and told them that a family member, friend, or other person purchased Defendants' medical alert device for them and/or a doctor recommended it for them.

8.     The Federal Trade Commission has brought a suit captioned <u>Federal Trade Commission v. Worldwide Info Services, et al.</u>, 6:14-cv-8-ORL-28DAB (District Court for the Middle District of Florida). This FTC suit—to which Lifewatch has never been a party—involves allegations that third party entities attempted to sell Lifewatch products by making purportedly false statements to prospective consumers (i.e. that a Lifewatch product or service had already been purchased by a friend, family member, or other acquaintance). These allegations are identical to the underlying action.

9.     Given the nature of the allegations by the FTC and Lifewatch's commitment to its customers, Lifewatch initiated a recall/refund campaign and advised its customers that they are entitled to a full refund if they were contacted by one of the outside companies and then purchased Lifewatch's products or services based on these allegedly false statements. In essence, Lifewatch has undertaken a process to allow consumers full redress for any false statements made in connection with outside companies selling Lifewatch's products.

10.     Plaintiff and any potential class members were and still are entitled to full redress from Lifewatch's recall/refund campaign.

11.     I understand that, notwithstanding my rigid adherence to all corporate formalities, I have been sued in my individual capacity.

12.     I do not exercise complete domination over Lifewatch, Inc., which has over 90 employees. Rather, I report to the board of directors, formulate the corporation's overall business plan, and create and spearhead opportunities for expansion and business development.

13.     I did not use Lifewatch or my authority within Lifewatch to commit a wrong or fraud.

14.     Lifewatch is not undercapitalized and I do not co-mingle my funds with Lifewatch's funds.

15.     I do not divert funds without the proper authorization and/or adhering rigidly to corporate formalities.

16.     I do not treat Lifewatch's assets as if they were my own, and, therefore, my assets and Lifewatch's assets are separate and distinct.

Dated: ~~October~~ December 15 , 2014

Evan Sirlin