UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
---------------------------------------------------------------x
EDWARD J. REYNOLDS, D.D.S., Individually and on behalf of all others similarly situated,

Docket No. 14-cv-3575 (KMK)

Plaintiff,

Declaration of Sarai Baker

-against-

LIFEWATCH, INC., et al.

Defendants.
---------------------------------------------------------------x

I, Sarai Baker, declare under penalty of perjury as follows:

1. I am the Director of Operations for defendant LifeWatch, Inc., and make this declaration based upon personal knowledge, such knowledge being based upon my own recollection of events and knowledge of LifeWatch's customs and practices, and my review of documents that have refreshed my recollection.

2. I am aware that in opposition to the motions to dismiss that have been made on behalf of LifeWatch, Evan Sirlin, and Mitchell May, plaintiff's counsel argues that the letter dated June 16, 2014 was backdated, and that the handwritten money order dated June 17, 2014 proves that the refund campaign was fraudulent, because it would be impossible to handwrite a check for every refund made.

3. I respectfully submit this declaration to demonstrate that plaintiff counsel's claims are false.

4. In January 2014, the Federal Trade Commission filed suit against several companies for allegedly engaging in deceptive practices involving telemarketing.

5. Among the independent companies investigated and sued by the FTC, there were a number of companies from whom Lifewatch had previously purchased customer accounts.

6. LifeWatch assisted with, and cooperated with, the investigation.

7. As a result of the allegations in the suit brought by the FTC, in April 2014, Lifewatch voluntarily created a customer refund program to offer refunds to any customers deceived by the independent companies sued by the FTC. LifeWatch refunded customers who requested this refund.

8. Most customers who requested a refund could have their payments easily refunded by way of credit card refunds through the credit card processor that processed the customer's payments to Lifewatch.

9. However, in those instances where Lifewatch no longer had a business relationship with the credit card processor that had handled some or all of the customer charges, Lifewatch would need to issue customer refunds by way of check or money order through the U.S Postal Service.

10. On May 28, 2014, Lifewatch received Dr. Reynolds's complaint. Accordingly, in accordance with Lifewatch's refund program, Lifewatch partially refunded Dr. Reynolds by way of a credit card refund - as is usually done in the normal course of business. But, Lifewatch could not refund Dr. Reynolds in full by way of a credit card refund because Lifewatch had ceased doing business with one of the credit card processors that had processed some of the monthly payments from Dr. Reynolds. So Lifewatch sent a US Postal Service money order, despite never having received the unit back from Dr. Reynolds.

11.     The June 17th letter sent to Dr. Reynolds by Lifewatch was not backdated. The notion that the letter was backdated is preposterous, since the money order was issued the very next day. That is, the letter is dated June 16, 2014, and the money order was made out the very next day, June 17, 2014. Counsel states that the envelope received by Mr. Reynolds was postmarked June 19, 2014. This merely indicates a rather straightforward sequence of events: the letter was written on June 16, 2014; on June 17, 2014, a money order was purchased from the US Post Office, and the letter and check were placed in the mail that day, as confirmed by plaintiff's counsel's avowal that the envelope was postmarked on June 17, 2014.

I declare under penalty of perjury that the foregoing is true and correct, this 29th day of June, 2015.

_____
Sarai Baker