UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

--------------------------------------------------X

EDWARD J. REYNOLDS, D.D.S., Individually and on behalf of all others similarly situated,

                Plaintiff,

vs.

LIFEWATCH, INC., LIFEWATCH, INC. d/b/a LIFEWATCH USA, ABC CORPORATIONS 1-10, AND JOHN DOES 1-10,

                Defendants.

--------------------------------------------------X

: Civil Action No.: 7:14-cv-03575 (KMK) (JCM)

**CASE MANAGEMENT AND SCHEDULING ORDER**

KENNETH M. KARAS, District Judge:

    At the conference before the Court held on _____ this Case Management Plan and Scheduling Order was adopted in accordance with Rules 16-26(f) of the Federal Rules of Civil Procedure.

1. All parties do not consent to trial by Magistrate Judge, pursuant to 28 U.S.C. § 636(c). [If all consent, the remainder of the Plan and Order need not be completed at this time.]

2. This case is to be tried to a jury.

3. No additional parties may be joined except with leave of the Court.

4. Amended pleadings may not be filed except with leave of the Court.

5. The parties will meet and confer pursuant to Rule 26(f) at least 21 days before the Scheduling Conference. Initial disclosure pursuant to Rules 26(a)(1), Fed. R. Civ. P., will be completed within fourteen (14) days of the date of the parties' conference pursuant to Rule 26(f).

6. All fact discovery is to be completed no later than 120 days after the Case Management and Initial Scheduling Conference.

7. The parties are to conduct discovery in accordance with the Federal Rules of Civil Procedure and the Local Rules of the Southern District of New York. The following interim deadlines may be extended by the parties on consent without application to the Court, provided the parties meet the fact discovery completion date in paragraph 6 above.

    a. Initial requests for production of documents to be served by April 22, 2016.

b. Interrogatories to be served by April 22, 2016.

c. Depositions to be completed within 75 days after the Case Management and Initial Scheduling Conference.

   i. Unless the parties agree or the Court so orders, depositions are not to be held until all parties have responded to initial requests for document production.

   ii. There is no priority in deposition by reason of a party's status as plaintiff or defendant.

   iii. Unless the parties agree or the Court so orders, non-party depositions shall follow initial party depositions.

d. Requests to Admit to be served no later than 100 days after the Case Management and Initial Scheduling Conference.

8. All expert disclosures, including reports, production of underlying documents and depositions are to be completed by:

   a. Expert(s) of Plaintiff: report to be disclosed within 90 days after the end of fact discovery as noted in number 6 above. Plaintiff(s) expert deposition to be within 30 days after defendant(s) expert report is disclosed.

   b. Expert(s) of Defendant(s): report to be disclosed within 60 days after Plaintiff(s) report is disclosed. Defendant(s) expert(s) deposition within 30 days after deposition of Plaintiff(s) expert(s) deposition.

9 Motions: All motions and applications shall be governed by the Court's Individual Practices, including pre-motion conference requirements. Summary Judgment or other dispositive motions are due at the close of discovery. Pursuant to the undersigned's Individual Practices, the parties shall request a pre-motion conference in writing at least four (4) weeks prior to this deadline.

10. All counsel must meet for at least one hour to discuss settlement not later than two weeks following the close of fact discovery.

11. a. Counsel for the parties have discussed holding a settlement conference before a Magistrate Judge.

    b. The parties request a settlement conference before a United States Magistrate Judge.

12. a. Counsel for the parties have discussed the use of the Court's Mediation Program.

    b. The parties request that the case be referred to the Court's Mediation Program.

13. a. Counsel for the parties have discussed the use of a privately-retained mediator.

    b. The parties intend to use a privately-retained mediator.

14. The parties shall submit a Joint Pretrial Order prepared in accordance with the undersigned's Individual Practices and Rule 26(a)(3), Fed. R. Civ. P. If this action is to be tried before a jury, proposed voir dire, jury instructions and a verdict form shall be filed with the Joint Pretrial Order. Counsel are required to meet and confer on jury instructions and verdict form in an effort to make an agreed upon submission.

15. Parties have conferred and their present best estimate of the length of trial is _____.

**TO BE COMPLETED BY THE COURT:**

16. [Other directions to the parties:]

    There will be no extensions of the discovery schedule without the permission of the Court, nor should counsel assume that any extensions will be granted. Counsel may seek permission for an extension of the discovery deadline of the magistrate judge to whom the case is referred, but only after consenting to allowing the magistrate judge handle the case for all purposes.

17. The (next Case Management) (Final Pretrial Conference) is scheduled for  July 7 at 11:30.

    The movant's pre-motion letter is due  6/23/16 ;

    The non-movant's response is due  6/30/16 .

**SO ORDERED.**

DATED:   White Plains, New York
         2/17/16

                                            _____
                                            KENNETH M. KARAS
                                            UNITED STATES DISTRICT JUDGE