UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---------------------------------------------------------------X
:
EDWARD J. REYNOLDS, D.D.S., Individually and on : Civil Action No.: 7:14-cv-03575 (KMK) (JCM)
behalf of all others similarly situated, :
:
Plaintiff, :
:
vs. : **CASE MANAGEMENT AND**
: **SCHEDULING ORDER**
LIFEWATCH, INC., LIFEWATCH, INC. d/b/a :
LIFEWATCH USA, ABC CORPORATIONS 1-10, :
AND JOHN DOES 1-10, :
:
Defendants. :
---------------------------------------------------------------X


KENNETH M. KARAS, District Judge:

    At the conference before the Court held on April 19, 2016 this Case Management Plan and Scheduling Order was adopted in accordance with Rules 16-26(f) of the Federal Rules of Civil Procedure.

1.     All parties do not consent to trial by Magistrate Judge, pursuant to 28 U.S.C. § 636(c). [If all consent, the remainder of the Plan and Order need not be completed at this time.]

2.     This case is to be tried to a jury.

3.     No additional parties may be joined except with leave of the Court.

4.     Amended pleadings may not be filed except with leave of the Court.

5.     The parties have met and conferred pursuant to Rule 26(f). Initial disclosure pursuant to Rules 26(a)(1), Fed. R. Civ. P., has been completed by the parties' pursuant to Rule 26(f).

6.     All fact discovery on class certification issues and on merits issues is to be completed by November 30, 2016.

7.     The parties are to conduct discovery in accordance with the Federal Rules of Civil Procedure and the Local Rules of the Southern District of New York. The following interim deadlines may be extended by the parties on consent without application to the Court, provided the parties meet the fact discovery completion date in paragraph 6 above.

    a.     Initial requests for production of documents and/or requests for admissions to be served by May 20, 2016.

     b.     Initial Interrogatories to be served by May 20, 2016.

     c.     Depositions to be completed within 60 days after the Interrogatory Answers and Discovery Responses are served.

          i.     Unless the parties agree or the Court so orders, depositions are not to be held until all parties have responded to initial requests for document production.

          ii.     There is no priority in deposition by reason of a party's status as plaintiff or defendant.

          iii.     Unless the parties agree or the Court so orders, non-party depositions shall follow initial party depositions.

8.     All expert disclosures, including reports, production of underlying documents and depositions are to be completed by:

     a.     Expert(s) of Plaintiff: report to be disclosed by January 31, 2017. Plaintiff's expert deposition to be within 30 days after defendant(s) expert report is disclosed.

     b.     Expert(s) of Defendant(s): report to be disclosed within 60 days after Plaintiff(s) report is disclosed. Defendant(s) expert(s) deposition within 30 days after deposition of Plaintiff(s) expert(s) deposition.

9     Motions: All motions and applications shall be governed by the Court's Individual Practices, including pre-motion conference requirements. Summary Judgment or other dispositive motions are due at the close of discovery. Pursuant to the undersigned's Individual Practices, the parties shall request a pre-motion conference in writing at least four (4) weeks prior to this deadline.

10.     All counsel must meet for at least one hour to discuss settlement not later than two weeks following the close of fact discovery.

11.     a.     Counsel for the parties have discussed holding a settlement conference before a Magistrate Judge.

     b.     The parties have requested a settlement conference before a United States Magistrate Judge. The conference is scheduled for May 20, 2016 before Magistrate Judge McCarthy.

12.     a.     Counsel for the parties have discussed the use of the Court's Mediation Program.

     b.     At this time, the parties are not requesting that the case be referred to the Court's Mediation Program. They may do so after the May 20, 2016 conference with Magistrate Judge McCarthy.

13.     a.     Counsel for the parties have discussed the use of a privately-retained mediator.

     b.     At this time, the parties do not intend to use a privately-retained mediator.

14.     The parties shall submit a Joint Pretrial Order prepared in accordance with the undersigned's Individual Practices and Rule 26(a)(3), Fed. R. Civ. P. If this action is to be tried before a jury,

proposed voir dire, jury instructions and a verdict form shall be filed with the Joint Pretrial Order. Counsel are required to meet and confer on jury instructions and verdict form in an effort to make an agreed upon submission.

15. Parties have conferred and their present best estimate of the length of trial is 5 days.

**TO BE COMPLETED BY THE COURT:**

16. [Other directions to the parties:]

    There will be no extensions of the discovery schedule without the permission of the Court, nor should counsel assume that any extensions will be granted. Counsel may seek permission for an extension of the discovery deadline of the magistrate judge to whom the case is referred, but only after consenting to allowing the magistrate judge handle the case for all purposes.

17. The (next Case Management) (~~Final Pretrial Conference~~ce) is scheduled for May 5, 2017. at 11:30

    The movant's pre-motion letter is due April 21, 2017.

    The non-movant's response is due April 28, 2017.

**SO ORDERED.**

DATED: 5/13/16
White Plains, New York

_____
KENNETH M. KARAS
UNITED STATES DISTRICT JUDGE