

NEW YORK | PENNSYLVANIA | NEW JERSEY | CALIFORNIA

November 30, 2016

**VIA ECF FILING**
Honorable Kenneth M. Karas
The Hon. Charles L. Brieant Jr.
Federal Building and United States Courthouse
300 Quarropas St., White Plains, NY 10601-4150

**Re:** Edward J. Reynolds v Lifewatch, Inc., et al.  14-CV-3575(KMK)

Your Honor:

We represent defendant, Lifewatch, Inc.  We intend to file a motion for summary judgment as to each of plaintiff's claims (GBL 349, GBL 350, fraud, and declaratory judgment/injunctive relief) and write to respectfully request a pre-motion conference pursuant to Section II (a) of Your Honor's Individual Rules.

Plaintiff claims in this putative nationwide class action that he received a telephone call from defendant's agent in 2013 advising him that he was entitled to defendant's personal emergency response device because a family member purchased it for him, but that he had to pay a monthly monitoring fee.  Plaintiff also claims that he would not have paid the monthly monitoring fee if he had known that a family member had not in fact purchased it for him.

It is undisputed that Lifewatch does not telemarket or otherwise make outbound solicitation calls.  Thus, plaintiff is alleging that agents of Lifewatch called Reynolds and thus Lifewatch is vicariously liable for statements made on the calls.  But, plaintiff cannot demonstrate through competent or admissible evidence that defendant had a principal/agent relationship with entities alleged to have actually called Reynolds.  Rather, evidence adduced by defendant shows that if a third party company that had a contractual relationship with defendant called Reynolds, then that entity did not have an agency relationship with defendant such that defendant could be held vicariously liable.  More specifically, defendant cannot be held vicariously liable given that it did not control the manner and means of any third party's allegedly violative conduct.

Moreover, in response to Lifewatch's motion to dismiss, which was denied in part and granted in part, the court analyzed Lifewatch's mootness argument and explained: "Defendant's promise of a refund as of yet remains just that; none of Plaintiff's allegations in the Amended Complaint suggests that Plaintiff, or any class members, has received a refund, and there is nothing to suggest Defendants even know whom to compensate or how much each putative class member might claim by way of damages."  R. Doc 78, page 12.  After conducting discovery (particularly, through requests for admissions served upon plaintiff), Lifewatch can show that plaintiff received a refund and his claims (other than for injunctive and declaratory relief) are, therefore, moot.

Accordingly, defendant respectfully requests a pre-motion conference.

Very truly yours,

**THE SULTZER LAW GROUP P.C.**

Joseph Lipari

cc:  Barry Gainey, Esq. (via ECF)